# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# FRANKFORT DIVISION

IN RE:

**ROBERT GAYLE RAISOR**
**BRIDGITTE ROCHELLE RAISOR**                                            CASE NO. 05-30478

**DEBTORS**


**MARK T. MILLER, TRUSTEE**                                                    **PLAINTIFF**

VS.                                                                                       **ADVERSARY NO. 05-3041**

**ROBERT GAYLE RAISOR (a/k/a Robert G. Raisor**
**and Rod Raisor)**
**BRIDGITTE ROCHELLE RAISOR (a/k/a Bridgitte Raisor)**
**FARMERS DEPOSIT BANK**                                                       **DEFENDANTS**


## MEMORANDUM OPINION

This matter comes before the Court on cross motions for Summary Judgment filed by the Plaintiff Mark T. Miller, Trustee ("Trustee")(Doc.11) and by the Defendant Farmers Deposit Bank ("Bank")(Doc. 13).  A hearing on the motions was held on March 14, 2006, at which counsel for the Bank was given a short period within which to supplement the record with additional legal authority.  That having been done, the case was taken under submission.

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule Bankruptcy Procedure 7056, provides that "judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." The court has considered the joint stipulations of the parties (Doc. 12) and the supporting and opposing briefs of each, (Docs. 15 and 21), has heard arguments of counsel and now finds that the matter is ripe for summary disposition. For the reasons set forth below, the Court concludes that the Trustee's motion for summary judgment should be sustained and the Bank's motion for summary judgment should be overruled. This court has jurisdiction of this matter pursuant to 28 U.S.C. 1334(b) and this is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

According to the Joint Stipulations of Fact, the Debtors Robert and Bridgitte Raisor executed a note and mortgage in favor of the Bank to secure a loan with a principal balance of $293,750.00. The mortgage conveyed to the Bank an interest in certain real property located in Henry County and Shelby County, Kentucky, which property has been incrementally sold by the Debtors, leaving only 941 Ballardsville Road, Eminence, Kentucky as subject to the Bank's mortgage. The mortgage was recorded in both the Shelby and Henry County Clerk's offices and was executed at the closing by both Debtors. Todd Wilhite, a notary public, was present at the closing, witnessed the Debtors' execution of the loan documents and completed the notarial acknowledgment clause of the mortgage as follows: "The foregoing Mortgage was acknowledged before me this 22nd day of December by Todd Wilhite." Neither of the Debtors' names appear in the notarial acknowledgment.

The Debtors filed their joint Chapter 7 petition on June 7, 2005 and the Trustee was appointed to serve in his capacity as Trustee of the Debtors' bankruptcy estate on June 15, 2005. On December 12, 2005, Trustee initiated this Adversary Proceeding

alleging that the mortgage granted by the Debtors to the Bank was not properly acknowledged according to KRS 382.140 and KRS 423.130 - 423.160 because the acknowledgment does not include the names of the Debtors as being the persons who appeared before the notary and executed the mortgage instrument.  Accordingly, the Trustee avers that the defective acknowledgment renders the mortgage an unrecordable instrument insufficient to defeat his legal status as a bona fide purchaser of real property without notice.  The Trustee seeks an order avoiding the mortgage under 11 U.S.C. 544(a) and allowing the property to be sold free and clear of the interests of the Bank and the Debtors for the benefit of the bankruptcy estate.

Both parties move for summary judgment, with the Bank arguing that the notarial acknowledgment should be viewed from a totality of the circumstances perspective and should not be deemed defective so as to render the entire mortgage unrecordable for what is purely a clerical error.  The Trustee, however, points to the Sixth Circuit case of ***Rogan v. America's Wholesale Lender (In re Vance),*** No. 02-6537, 2004 WL 771484 (6th Cir. 2004) which held that a mortgage improperly executed under Kentucky law does not provide a Chapter 7 Trustee, as a bona fide purchaser of property, with constructive notice of the prior unrecordable interest.  In ***Vance***, the mortgage under consideration failed to include the information required by KRS 423.130 in the notary's certificate and was found to be defective.  Accordingly, the attempted conveyance of the mortgage was invalid as to a bona fide purchaser for value pursuant to KRS 382.270.  The Trustee, standing in the shoes of such a bona fide purchaser under Code section 544(a)(3), was permitted to avoid the mortgage in question.  ***Id.***, at *2.

This court agrees that it is bound to follow the dictates of ***Vance***, supra, as well

as the prior holdings of the Bankruptcy Court for the Eastern District of Kentucky which also permitted trustees in bankruptcy to avoid similarly, and defectively, acknowledged mortgages. ***See Burden v. The CIT Group/Consumer Finance, Inc., et al.,*** Adversary No. 05-1014, (Bankr. E.D.Ky. 2005) and ***Johnson v. Altegra Credit Co., et al.,*** Adversary No. 02-5167 (Bankr. E.D.Ky 2004). Consequently, the court determines that the Plaintiff Trustee is entitled to judgment as a matter of law, that he may avoid the mortgage of Farmer's Deposit Bank pursuant to 11 U.S.C. 544(a)(1) and (a)(3) and that he may be permitted to sell same for the benefit of the bankruptcy estate upon appropriate notice to parties in the main case. An order in conformity with this opinion will be entered separately.

Copies to:

Mark T. Miller, Esq.
Daniel E. Hitchcock, Esq.
U.S. Trustee
Debtors Robert G. Raisor and Bridgitte R. Raisor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Friday, March 31, 2006
(jms)**